## 61383. SOUTHERN BUILDING SYSTEMS, INC. v. McRAE MANUFACTURING COMPANY, INC.

SOGNIER, Judge.

McRae Manufacturing Co. (McRae) executed a promissory note in favor of Citizens National Bank of Quitman. In addition to certain personal property, the note included "all accounts receivable . . .," as security for the loan to McRae. Subsequently, a writ of possession was issued against McRae which included personal property and "all accounts receivable for McRae Manufacturing. . . ." Appellant Southern Building Systems (Southern) purchased the personal property, including "all accounts receivable," at a sheriff's sale on November 6, 1979.

In January, 1976 T. H. Crump pleaded guilty to theft by taking and received a probated sentence; as a condition of his probation, Crump was required to make restitution to the victim, McRae. The terms of the restitution were reduced to writing, signed by Crump, and included, inter alia, a provision that Crump would pay McRae an ascertainable amount in installment payments.

In February, 1980 a dispute arose between Southern and McRae as to which party was entitled to the amount to be paid by Crump as restitution. The trial court found that under the Uniform Commercial Code Crump's obligation was not an "account" and therefore, was not conveyed under the security agreement executed by McRae to Citizens National Bank, or under the sheriff's sale to Southern. Thus, the ownership of Crump's obligation and entitlement to payment remained in McRae. Southern appeals, and we affirm.

Appellant contends that Crump's payments amount to "accounts receivable" under the provisions of Code Ann. § 109A-9—106. We do not agree. Code Ann. § 109A-9—106 defines account as follows: " 'Account' means any right to payment for *goods sold or leased or for services rendered which is not evidenced by an instrument or chattel paper,* whether or not it has been earned by performance." (Emphasis supplied.) The payments by Crump do not fall within this definition.

Appellant contends that McRae regarded the right to receive payments under the restitution agreement as an asset and therefore,

it should be considered conveyed as security. However, the promissory note between McRae and the bank lists only certain personal property and "accounts receivable" as collateral. Since the restitution payments are not "accounts" as defined by the UCC, they are not included among the collateral secured by the note.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

Decided April 9, 1981.

*M. Dale English, John W. Rountree, Jr.,* for appellant.
*John T. McTier,* for appellee.